IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:00CR293 |
| ) | |
| vs. ) | |
| ) | |
| ) | MEMORANDUM AND ORDER |
| JOSE LUIS AGUIRRE-BURCIAGA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter is before the court on defendant's "Motion to Vacate, Set Aside, or Correct Sentence by a Federal Prisoner Under 28 U.S.C. § 2255 (§ 2255)" (Filing No. 84), Motion to Extend the Time for Filing Response to Defendant's § 2255 Motion (Filing No. 91), and Motion for a Ruling Re: § 2255 Motion. (Filing No. 99).

## FACTUAL BACKGROUND

A jury convicted defendant of conspiracy to distribute and possess with intent to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine, and at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, and less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841 (a)(1) and 846.  (Filing No. 59).  The court sentenced defendant to the custody of the Bureau of Prisons for 235 months followed by five years supervised release. (Filing No. 59).  Defendant filed a direct appeal claiming the evidence presented at trial was insufficient to convict him and that the district court committed clear error when it applied a two-level enhancement for Obstructing or Impeding the Administration of Justice under U.S.S.G. § 3C1.1 (2001).  The Eighth Circuit affirmed the conviction and sentence.  *United States v. Aguirre-Burciaga*, 35 Fed. Appx. 287 (8th Cir. 2002).

In his § 2255 motion defendant alleges two grounds for relief. First, defendant claims he received ineffective assistance of counsel based on his trial counsel's failure to object to remarks made by the U.S. Attorney during closing argument and cross-examination. Specifically, defendant contends that the prosecutor made discriminatory remarks concerning his status as an illegal alien that prejudiced his case. Second, defendant claims his 235-month sentence was imposed in violation of the law. Upon initial review of defendant's § 2255 motion, this court ordered the government to answer defendant's claims.

## DISCUSSION

**Ineffective Assistance of Counsel**

Defendant argues that his trial counsel was ineffective for failing to object to prejudicial comments made by the prosecutor and failing to appeal on the basis of these comments. Defendant contends the objectionable comments occurred when on cross-examination the prosecutor asked defendant whether he was legally residing in the United States, whether he had lied to obtain a social security card, and whether he lied to obtain social security disability benefits. Furthermore, towards the end of the prosecution's closing arguments the prosecution stated that "[t]hese are people who have been living a lie for the last fifteen or so years, who have lied to the authorities, who have lied about their status, who have done what it takes to stay here." Filing No. 67, Trial Transcript ("Tr") at 646.

In *U.S. v. Frady*, 456 U.S. 152, 167-68 (1982), the Supreme Court held that when a federal prisoner is seeking collateral relief under § 2255 "based on trial errors to which no contemporaneous objection was made . . . [the prisoner] must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors

of which he complains." While ineffective assistance of counsel may provide sufficient cause for a procedural default, cause will be found only where counsel's performance is constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). *Murray v. Carrier*, 477 U.S. 478 (1986). Under this framework, Aguirre-Burciaga has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by a showing that his attorney's performance fell "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland,* 466 U.S. at 690). Moreover, Aguirre-Burciaga must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

Here, defendant has failed to meet his burden. First, contrary to defendant's allegations, defense counsel did object to the prosecutor's line of questioning during the cross-examination of defendant. And, in fact, the court sustained counsel's objections. The following exchange occurred:

> Prosecutor: When you applied for amnesty you were denied, weren't you were? That calls for a yes or no answer.
>
> Defendant: No.
>
> Prosecutor: You were not denied? The INS granted your application?
>
> Defendant: Do you mean the request to remain here in the United States?
>
> Prosecutor: Yes.
>
> Defendant: No.
>
> Prosecutor: It was after that denial that you went ahead and applied for social security benefits even though you had no legal basis to be in the United States; is that correct?

>   Defense Counsel: Objection, relevance, foundation.
>
>   The Court:    I'm going to sustain the objection.

(Tr. 600). Therefore, defense counsel's performance during defendant's testimony cannot be characterized as deficient.

Defense counsel, however, did not object to the prosecutor's statements during closing arguments. Prosecutorial remarks are examined to determine whether the remarks were, in fact, improper and, if so, whether in the context of the entire trial, the remarks "prejudicially affected [defendant's] substantial rights as to deprive [him] of a fair trial." *United States v. Cannon*, 88 F.3d 1495, 1501 (8th Cir. 1996) (citations omitted). Here, because of the substantial evidence against defendant, and the fact that defendant took the stand in his own defense and on direct-examination admitted that he was not legally residing in the United States, the court concludes that the prosecutor's statements, while questionable, did not alter the outcome of the case. Therefore, after reviewing counsel's failure to object to the prosecutor's statements during closing argument in the context of the whole trial, the court is not persuaded that the comments prejudiced the outcome of defendant's trial and defendant's claim is denied.

**Sentencing**

Next, defendant claims that his sentence was imposed in violation of law. Defendant contends the improper sentence stemmed from an error in the Presentence Investigation Report (PSR), which incorrectly reflected that defendant served a ninety-day sentence for a driving-while-ability-impaired conviction in Jefferson County, Colorado. Because of this conviction, the court assessed two criminal history points for a prior conviction for which he served at least sixty days in confinement under U.S.S.G. § 4A1.1(b), and two points for committing the instant offense within two years from "release from imprisonment" under

4

U.S.S.G. § 4A1.1(e).  Defendant, however, now claims that the ninety-day sentence was suspended and that he never served any time in jail.  Therefore, instead of having been assessed four points, he should have received only one point under 4A1.1 (c).  Based on this error, defendant challenges the calculation of his criminal history category in the PSR, claiming this court should have sentenced him under criminal history category I rather than criminal history category III.  In its answer, the government concedes that there was an error in the PSR and that defendant was sentenced in the wrong criminal history category, but claims that the sentencing discrepancy was not so great as to be characterized as a miscarriage of justice.

A federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quotations and citations omitted).

Because the PSR placed defendant in criminal history category III, this court sentenced defendant under the guideline imprisonment range of 188-235 months.  If, instead, the PSR had correctly shown criminal history category I, the guideline imprisonment range would have been 151-188 months. Here the discrepancy between the sentence defendant received, 235 months, and the sentence defendant would have received under the correct criminal history category, a sentence ranging from 155-188 months, is a large

5

enough error to constitute a fundamental defect in defendant's sentencing. Therefore, the court will grant defendant's motion, and schedule a resentencing hearing.

IT IS ORDERED:

1. The defendant's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 84) is granted in part and denied in part;

2. The Defendant's Motion for a Ruling Re: § 2255 Motion (Filing No. 99) is granted;

3. The plaintiff's Motion to Extend the Time for Filing Response to Defendant's § 2255 Motion (Filing No. 91) is denied as moot;

4. A resentencing hearing is scheduled before the undersigned United States district judge on **February 9, 2006, at 1:30 p.m.** in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

5. Counsel for the defendant, if previously appointed pursuant to the Criminal Justice Act, is reappointed to represent the defendant for purposes of the § 2255 motion. If retained, counsel for the defendant remains as counsel for the defendant until the § 2255 motion is resolved or until the defendant submits to the court a completed and signed Financial Affidavit and his retained counsel is given leave to withdraw.

6. The Marshal is directed to return the defendant to the district for this hearing. If the defendant at a later date decides to waive his right to be present at the hearing, he may do so (at least 6 weeks prior to the hearing) by contacting his attorney who shall then inform the court and the U.S. Marshal of defendant's decision. In that event, the defendant may participate telephonically in the hearing by informing his attorney, who in turn shall supply this court with a telephone number at which the defendant may be reached for the hearing.

7. That upon resentencing, an Amended Judgment will be entered by the court; and

8. The clerk for the court shall provide a copy of this Memorandum and Order to the U.S. Marshal, the counsel of record, and the defendant at the address of record for his current place of incarceration.

DATED this 8th day of December, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge