IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:00CR293 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE LUIS AGUIRRE-BURCIAGA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant-Jose Luis Aguirre-Burciaga's Amended "Motion to Vacate, Set Aside, or Correct Sentence by a Federal Prisoner Under 28 U.S.C. § 2255 (§ 2255)" (Filing No. 111) and defendant's resentencing.

**FACTUAL BACKGROUND**

On June 10, 2005, Aguirre-Burciaga filed a § 2255 motion arguing that: (1) he received ineffective assistance of counsel based on his trial counsel's failure to object to remarks made by the U.S. Attorney during closing argument and cross-examination; and (2) his 235-month sentence was imposed in violation of the law. Specifically, Aguirre-Burciaga contended that the improper sentence stemmed from an error in the Presentence Investigation Report ("PSR"), which incorrectly reflected that Aguirre-Burciaga served a ninety-day sentence for a driving-while-ability-impaired conviction in Jefferson County, Colorado. In reliance on that conviction, the court assessed Aguirre-Burciaga two criminal history points for a prior conviction for which Aguirre-Burciaga served at least sixty days in confinement under U.S.S.G. § 4A1.1(b), and two points for committing the instant offense within two years from "release from imprisonment" under U.S.S.G. § 4A1.1(e).

Aguirre-Burciaga claimed, and the government conceded, that upon further investigation the ninety-day sentence was actually suspended and that Aguirre-Burciaga never served any time in jail. Therefore, Aguirre-Burciaga should have received only one point under 4A1.1 (c), rather than four criminal history points under U.S.S.G. §§ 4A1.1(b) & (e). Due to this error, Aguirre-Burciaga was assessed a criminal history category III rather than criminal history category I. Accordingly, this court sentenced Aguirre-Burciaga at a total level offense of 34 with a criminal history category III under the guideline imprisonment range of 188-235 months. If, instead, the PSR had correctly shown that Aguirre-Burciaga had a criminal history category I, the guideline imprisonment range would have been 151-188 months.

In its original Order on Aguirre-Burciaga's § 2255 motion, this court found that the discrepancy between the sentence Aguirre-Burciaga received, 235 months, and the sentence Aguirre-Burciaga would have received under the correct criminal history category, a sentence ranging from 151-188 months, amounted to a miscarriage of justice (Filing No. 101).

This court held a resentencing hearing on May 12, 2006. At the hearing, Aguirre-Burciaga's attorney, Harvey Steinberg, raised a new issue, claiming that Aguirre-Burciaga's trial counsel, Donald Schense, was ineffective because he did not sufficiently investigate whether Aguirre-Burciaga was medically fit to stand trial. The hearing was continued, Aguirre-Burciaga was given until July 7, 2006 to amend his § 2255 motion, and the government was given thirty days to respond.

On June 9, 2006, Aguirre-Burciaga filed an amended § 2255 motion. (Filing No. 111). In this new motion, Aguirre-Burciaga raised the following issues: (1) defense counsel

was ineffective for failing to identify the error in the PSR depriving Aguirre-Burciaga the right to plea to a Category I sentencing range with safety valve eligibility; and (2) defense counsel was ineffective for failing to investigate the effect of Aguirre-Burciaga's brain surgery, three months prior to trial, on Aguirre-Burciaga's competence to stand trial.

On November 21, 2006, this court held a hearing on the amended § 2255 motion. At the hearing, Schense testified that Aguirre-Burciaga never indicated to him that he was unable to go forward with his trial due to a medical condition, and that Schense did not witness any symptoms from the defendant that would indicate Aguirre-Burciaga did not understand what would occur at trial; and instead, that Aguirre-Burciaga wanted to testify in his own defense at trial.

On January 8, 2007, the court held a resentencing hearing. At that hearing, both parties agreed that Aguirre-Burciaga should be resentenced at a total level offense of 34 with a criminal history category I, putting him in the guideline imprisonment range of 151-188 months. Neither party sought a variance from this sentencing range.

## DISCUSSION

**A.    Standard of Review**

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.

*See Hill v. United States*, 368 U.S. 424, 426-27 (1962). Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)

**B.      Ineffective Assistance of Counsel Claims**

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984). The defendant has the burden of proving: 1) deficient performance on behalf of counsel, by demonstrating that his attorney's performance was "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland,* 466 U.S. at 690. *See Strickland*, 466 U.S. at 688. So, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-89.

       1.      *Criminal History Score*

Aguirre-Burciaga first argues that Schense was ineffective for failing to identify the error in the PSR. Specifically, Aguirre-Burciaga argues that because Schense was an

experienced defense attorney, when the PSR indicated that Aguirre-Burciaga served ninety days in jail for a first offense driving-while-ability-impaired conviction, Schense should have been alerted that this was an error. At the hearing, Schense testified that the conviction and sentence did not seem suspicious when he received the PSR, and that it is not feasible to confirm every conviction referenced in a PSR.

While Aguirre-Burciaga failed to provide this court with a standard by which Schense's representation should be judged, the court agrees that Schense's failure to further investigate this conviction fell below the minimum standards of professional competence. Based on Schense's experience, the lengthy sentence imposed on this particular conviction should have alerted him to do research into the accuracy of the statements in the PSR. This is particularly true because the single conviction and sentence raised Aguirre-Burciaga's criminal history score by four points placing him in a significantly higher sentencing category. Furthermore, Aguirre-Burciaga was clearly prejudiced by Schense's failure to investigate this sentence as he was subject to a higher sentencing range. Therefore, the court will grant relief on this claim. Aguirre-Burciaga further argues, however, that his counsel's ineffective performance with respect to the PSR deprived him of safety valve eligibility. The court is not persuaded by this argument. Both the government and defense counsel agreed that Aguirre-Burciaga never indicated any willingness to cooperate with the government either before, during, or after trial. Furthermore, when Aguirre-Burciaga did take the stand in his own defense he lied and was found to have obstructed justice. Therefore, Aguirre-Burciaga would not have been safety-valve eligible and was not prejudiced by his attorney's performance.

### 2.   *Competency to Stand Trial*

To be competent to stand trial a defendant must have, at the time of his trial, "sufficient present ability to consult with his lawyer with a reasonable degree of understanding-and . . . a rational as well as factual understanding of the proceedings against him." *Hinkle v. Scurr*, 677 F.2d 667, 669 (8th Cir. 1982), *cert. denied*, 459 U.S. 1040 (1982) (quoting *United States v. Taylor*, 437 F.2d 371, 375 (4th Cir.1971)).

Aguirre-Burciaga also argues that his trial counsel was ineffective for failing to investigate whether he was not competent to stand trial based on a serious medical condition. The government counters that the medical records submitted in connection with this motion show no signs of incompetence.

Schense testified that Aguirre-Burciaga never indicated that he was unable to proceed to trial due to a medical condition, that Schense did not observe any symptoms that indicated Aguirre-Burciaga could not proceed to trial. Instead, Aguirre-Burciaga choose to take the stand and testify in his own defense. In support of his argument, Aguirre-Burciaga filed medical records with the court that show Aguirre-Burciaga had surgery on January 22, 2001 and was discharged on January 27, 2001. Three months later, Aguirre-Burciaga's trial began on April 23, 2001 and he was sentenced on September 7, 2001. The records show that in March of 2002 Aguirre-Burciaga began complaining of a worsening condition, but this was well after the trial and sentencing. These records do not establish that counsel had, or should have had, any reason to believe that Aguirre-Burciaga was unable to stand trial due to a medical condition. Accordingly, the court finds that Aguirre-Burciaga has not shown ineffectiveness of counsel for failure to investigate Aguirre-Burciaga's medical condition.

**C. Resentencing**

Because this court has found that Aguirre-Burciaga's original sentence was in error as a matter of law, and in the alternative, that the erroneous sentence was the result of ineffective assistance of counsel, the court will now resentence Aguirre-Burciaga.

The statutory concerns expressed in 18 U.S.C. § 3553(a) require the sentencing court to impose a sentence sufficient, but not greater than necessary, to comply with sentencing goals considering the nature and seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide justice, deterrence, and other goals of punishment. *See* 18 U.S.C. § 3553 (a)(2)(A)-(C). The court must also consider the need to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(C)-(D).

The parties agree that, aside from Aguirre-Burciaga's criminal history score, the court is in the same position it was in at the original sentencing. At that time, Aguirre-Burciaga received a base level offense of 32 for drug quantity and a two-point enhancement for obstruction of justice. Neither party has requested either a departure or a variance from the sentencing range and both parties agree that the new guideline range, at a total offense level 34 and criminal history category I is 151-188 months.

Therefore, the court finds a sentence of 168 months incarceration on Count I, followed by five years of supervised release is a reasonable sentence in this case. This sentence, amounting to fourteen years, reflects the seriousness of offense, promotes respect for the law, provides just punishment, deters criminal conduct, and protects the

public from further crimes. See 18 U.S.C. § 3553(a)(2)(A)-(C). An Amended Judgment and Commitment and Statement of Reasons will issue on this date.

IT IS ORDERED:

1. That Aguirre-Burciaga's amended 28 U.S.C. § 2255 (Filing No. 111), is granted as to defendant's request to correct his sentence;

2. The sentence previously imposed on Jose Luis Aguirre-Burciaga is vacated and a new sentence of 168 months imprisonment is imposed in accordance with the amended Judgment and Commitment; and

3. The Clerk of Court is directed to mail a copy of this Memorandum and Order to defendant at his last known address.

DATED this 17th day of January, 2007.

BY THE COURT:

s/Joseph F. Battalion
United States District Judge