**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

**UNITED STATES OF AMERICA**
        **Plaintiff**

**-vs-**                                   **Case Number 8:00CR293**

**JOSE LUIS AGUIRRE-BURCIAGA**       **Marshal No.:  29985-013**
        **Defendant**

                                         **Harvey Steinberg**

                                       **Defendant's Attorney**

_____

**AMENDED JUDGMENT IN A CRIMINAL CASE**

**Date of Original Judgment: 10/22/2001**
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

        Direct Motion to District Court Pursuant to 28 U.S.C. § 2255

The defendant was found guilty on Count I of the Indictment.  Accordingly, the defendant is adjudged guilty of such count which involves the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) and 846 | Conspiracy to Distribute and Possession with Intent to distribute Methamphetamine, Cocaine and Marijuana | December 1, 1998 | I |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

                                  Date of Imposition of Sentence:
                                             January 8, 2007

              _____

                s/ Joseph F. Bataillon
                UNITED STATES DISTRICT JUDGE

                January 17, 2007

Defendant: JOSE LUIS AGUIRRE-BURCIAGA                                                                    Page 2 of 5
Case Number: 8:00CR293

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one hundred sixty-eight (168) months.**

The Court makes the following recommendations to the Bureau of Prisons:

(X)  The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment. _____

UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt , above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) Years**.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

1.      The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation officer to determine the presence of alcohol and/or controlled substances, firearms or any other contraband.  Any such items found may be seized by the United States Probation officer.  This condition may be invoked with or without the cooperation of law enforcement officers.

2.      The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to the Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during imprisonment.

3.      The defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the United States Probation officer.

4.      The defendant shall comply with all rules and regulations of the Immigration and Naturalization Service and, if deported, shall not reenter the United States or reside therein without the express, written permission of the Attorney General of the United States or such attorney's designee.

5.      The defendant shall provide the United States Probation officer with access to any requested financial information.

6.      The requirement of 18 U.S.C. § 3583 (d) regarding drug testing, that is, testing within fifteen (15) days of release on supervised release and to two (2) periodic drug tests thereafter, is suspended until further order of the court because it appears the defendant will be deported.

7.      The defendant shall report to the Supervision Unit of the United States Probation Office for the District of Nebraska between the hours of 8:00am and 4:30pm, 111 South 18th Plaza, Suite C79, Omaha Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement and/or return to the United States.

Defendant: JOSE LUIS AGUIRRE-BURCIAGA                                         Page 4 of 5
Case Number: 8:00CR293

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1.  The defendant shall not commit another Federal, state or local crime;
2.  The defendant shall not leave the judicial district without the permission of the court or probation officer;
3.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5.  The defendant shall support his or her dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
6.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7.  The defendant shall notify the probation officer at least **ten (10) days prior** to any change in residence or employment;
8.  The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered or other places specified by the court;
10. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;
13. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. As directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
15. The defendant shall not own, possess or control any firearms or ammunition, destructive devices or dangerous weapons;
16. The defendant shall pay any special assessment, fine, or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the payment schedule of criminal monetary penalties set forth in this judgment; and
17. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: JOSE LUIS AGUIRRE-BURCIAGA                                                      Page 5 of 5
Case Number: 8:00CR293

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | | |

## FINE

No fine or court costs imposed.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; () restitution; (3) fine principal; (4) costs of prosecution; (5) interest; (6) penalties.

Payment of the total fine and criminal monetary penalties shall be due as follows:

**In full and due immediately.  The special assessment in the amount of $100.00 has been paid in full.**

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Any payment ordered under Part II, must comply with 18 U.S.C. § 3572, 18 U.S.C. § 3664(n), and include a provision under 18 U.S.C. § 3664(k) in which defendant must notify the court of any material changes in defendant's economic circumstances.  Upon such notice, the Court may adjust the installment payment schedule.

**Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due.  All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk