IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:00CR293 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE LUIS AGUIRRE-BURCIAGA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant Aguirre- Burciaga's Notice of Appeal. (Filing No. 134). The defendant appeals the Memorandum and Order (Filing No. 131) and Amended Judgment (Filing No. 132) in which I granted his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion").

Also before me is Filing No. 135, the Memorandum from the Clerk of Court requesting a decision as to whether the defendant may proceed in forma pauperis ("IFP") on appeal. The record indicates that the defendant has previously been determined to be financially unable to obtain an adequate defense in a criminal case. Fed. R. App. P. 24(a)(3) states:

> (a) Leave to Proceed in Forma Pauperis....
>
> (3) Prior Approval.  A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court-- before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  In that event, the district court must state in writing its reasons for the certification or finding.

I conclude that, pursuant to Fed. R. App. P. 24(a)(3), the petitioner may provisionally proceed IFP in this appeal conditioned on the review of a current trust account statement.

However, before the defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> ....
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a federal right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-1604 (2000) (citing Barefoot v. Estelle, 103 S. Ct. 3383, 3394 (1983)) (which defined the former standard for a certificate of probable cause to appeal) (internal quotation marks omitted). "Where a district court has rejected the constitutional claims on the merits, the

showing required to satisfy § 2253(c) is straightforward: The defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 120 S. Ct. at 1604.

For the reasons set forth in Filing No. 131, granting the defendant's § 2255 motion, I conclude that the defendant has not made a substantial showing of the denial of a constitutional right and has not shown that this court's order was debatable or incorrect, as required by 28 U.S.C. § 2253(c). Defendant was granted the relief required by law and does not deserve further relief. Accordingly, a Certificate of Appealability is denied. However, Fed. R. App. P. 22(b) permits the defendant to request a Certificate of Appealability from the Court of Appeals.

THEREFORE, IT IS ORDERED:

1. That the defendant 's in forma pauperis status is continued on appeal subject to review of the defendant's trust account statement;

2. The Clerk of Court shall request a current trust account statement;

3. A Certificate of Appealability is denied; and

4. The Clerk of Court shall process this appeal to the Eighth Circuit.

DATED this 29th day of January, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge